IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON THOMAS, #B-32075, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 12-35-GPM |
| | ) |
| M. HODGE, and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jason Thomas, an inmate in Pinckneyville Correctional Center ("Pinckneyville"), brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Lawrence Correctional Center ("Lawrence"). Plaintiff is serving a 19 year sentence for armed home invasion. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief
> > may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such
> > relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**The Complaint**

Plaintiff alleges that the amenities and privileges of inmates at Lawrence are substantially different from the privileges given to inmates at other "level two" correctional facilities, as of January 15, 2011 (when the complaint was filed) (Doc. 1, p. 8). Plaintiff notes several differences between the conditions of confinement at Lawrence and those at Pinckneyville, Hill Correctional Center, and Western Illinois Correctional Center: (a) cells free from a timer on the toilet flush, (b) access to "solid deodorant", (c) "hot meals at breakfast in [the] chow hall", and (d) "showers 3 times

a week" amongst others (Doc. 1, p. 8).  For the Court's convenience, Plaintiff provided a list of all disparities between these institutions as an attachment to his complaint (Doc. 1, p. 13).

Plaintiff requests an injunction for "equal treatment for all level two prisons" and compensatory damages (Doc. 1, p. 10).

**Discussion**

Plaintiff alleges that Defendants Hodge and Godinez violated his right to equal protection because of the differential treatment prisoners at Lawrence receive compared with other "level two" facilities.

A "prison administrative decision may give rise to an equal protection claim only if the plaintiff can establish that 'state officials had purposefully and intentionally discriminated against him.'" *Meriwether v. Faulkner*, 821 F.2d 408, 415 n.7 (7th Cir.), *cert. denied*, 484 U.S. 935 (1987) (citing *Shango v. Jurich,* 681 F.2d 1091, 1104 (7th Cir. 1982)).

> The gravamen of equal protection lies not in the fact of deprivation of a right but in the invidious classification of persons aggrieved by the state's action.  A plaintiff must demonstrate intentional or purposeful discrimination to show an equal protection violation.  Discriminatory purpose, however, implies more than intent as volition or intent as awareness of consequences.  It implies that a decisionmaker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on the identifiable group.

*Nabozny v. Podlesny*, 92 F.3d 446, 453-54 (7th Cir. 1996) (quoting *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982)).

Plaintiff seems to believe that since Lawrence is classified as a "level two" facility, its policies concerning prison amenities should exactly mirror other "level two" facilities.  Plaintiff asserts that because Lawrence policies differ from Pinckneyville policies, he has been deprived of the equal protection of the law.  His logic is simply incorrect.  "Inmates cannot expect the amenities,

conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988). As such, there is no guarantee that Plaintiff will receive the exact same privileges as an inmate at any other state facility, regardless of what "level" that institution has been classified. Furthermore, Plaintiff never alleges that Defendants Godinez and Hodge singled himself or his fellow Lawrence inmates out for the purpose of imposing more harsh conditions at Lawrence. A prison does not cross the line to an equal protection violation merely by having different rules than its counterpart institutions.

Additionally, Plaintiff's contention that he has been denied equal protection because of his placement in an unequal institution is groundless. "[P]risoners possess neither liberty nor property in their classifications and prison assignments. States may move their charges to any prison in the system." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)). *See also Meachum v. Fano*, 427 U.S. 215, 224 (1976) (the Constitution does not guarantee placement in a particular prison). Regardless of any disparity in confinement conditions between prisons, Plaintiff does not have any constitutional right to select the institution where he will serve his sentence. Further, the Court notes that approximately two months after this action was filed, Plaintiff was transferred to Pinckneyville (Doc. 9).

To summarize, Plaintiff has failed to state a claim upon which relief may be granted, and thus, his claim shall be dismissed with prejudice.

**Pending Motion**

On June 7, 2012, Plaintiff filed a Motion for Leave to File an Amended Request for Relief in the Complaint (Doc. 12). As Plaintiff's action shall be dismissed pursuant to § 1915A, his motion is **DENIED AS MOOT**.

**Disposition**

     **IT IS HEREBY ORDERED** that Plaintiff's complaint fails to state a claim upon which relief can be granted and thus is **DISMISSED** with prejudice. **DEFENDANTS HODGE** and **GODINEZ** are dismissed from this action with prejudice.

     Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

     Because Plaintiff has incurred three other strikes[1] in addition to this case, he is **ADVISED** that if he seeks to file any future civil action, he will no longer be eligible to pay the filing fee in installments using the *in forma pauperis* provisions of § 1915(a) and (b), unless he can establish that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Plaintiff cannot make the necessary showing of imminent physical danger, he shall be required to pre-pay the full filing fee for any future lawsuit he may file while incarcerated, or face dismissal of the suit. Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**
DATED: July 9, 2012

                                                              s/ *G. Patrick Murphy*
                                                              G. PATRICK MURPHY
                                                              United States District Judge

---

[1] *Thomas v. Lord, et al.*, No. 05-cv-149 (N.D. Ill., filed Apr. 25, 2005) (strike 1, dismissed Apr. 25, 2005, for failure to state a claim upon which relief may be granted); *Thomas v. Walker, et al.*, No. 08-cv-5247 (N.D. Ill., filed Sept. 29, 2008) (strike 2, dismissed Sept. 29, 2008, pursuant to § 1915A); *Thomas v. Oak Forest Police Dept., et al.*, No. 11-cv-9038 (N.D. Ill., filed Dec. 20, 2011) (strike 3, dismissed Feb. 23, 2012, for failure to state a claim upon which relief may be granted).